IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEANOR LINDQUIST,<br><br>Plaintiff,<br><br>v.<br><br>ANN CHAPMAN, ROBERT VANDEN BOS, VANDEN BOS & CHAPMAN, A Law Firm, JEFF PAYNE, IAN R. YOURTZ, JEFFREY C. LINDQUIST and FIRST DOE THROUGH TENTH DOE, Inclusive,<br><br>Defendants.<br>_____/ | No. C 06-06822 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

This matter arises out of facts surrounding plaintiff Eleanor Lindquist's attempt to recover spousal-support payments from her former husband, defendant Jeffrey Lindquist. Defendant Ian Yourtz has filed a motion to dismiss alleging, among other things, that this Court lacks subject-matter jurisdiction. Plaintiff filed no opposition. For the reasons stated below, defendant's motion is **GRANTED**.

**STATEMENT**

Plaintiff's complaint alleges six causes of action: (1) malicious prosecution, (2) fraud and deceit, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, (5) conspiracy, and (6) violation of RICO statutes. Plaintiff's claims arise out of activities of lawyers in two proceedings: (1) bankruptcy proceedings in the District of Oregon

1  against debtor Jeffrey Lindquist, and (2) the dissolution of plaintiff's marriage to Mr. Lindquist
2  in San Mateo County Superior Court.  Defendant Yourtz was Mr. Lindquist's attorney in the
3  family law proceedings.

4      On June 17, 2005, the Oregon Bankruptcy Court issued an order staying any family-law
5  proceedings that might be initiated by plaintiff.  On January 17, 2006, at plaintiff's request, a
6  hearing was held in San Mateo County on spousal support.  Yourtz asserted that the bankruptcy
7  court's order automatically stayed all of plaintiff's access to the family law court.  The San
8  Mateo County Commissioner honored the bankruptcy court's order and awakened defendant
9  Yourtz $1,000 in sanctions against plaintiff.

10      Immediately thereafter, plaintiff filed an emergency petition to the Ninth Circuit for
11  relief from the bankruptcy stay.  On January 30, 2006, the Ninth Circuit granted plaintiff's
12  motion to vacate the stay order issued by the bankruptcy court.  Upon receipt of the Ninth
13  Circuit's order, the bankruptcy court issued a new order, dated January 31, 2006, stating that
14  plaintiff could proceed for the spousal support but could not apply for property division.  The
15  San Mateo County Commissioner vacated the $1000 sanctions order but held that because Mr.
16  Lindquist no longer worked, plaintiff could not receive any spousal support.

17      Four months later, on May 25, 2006, the Ninth Circuit vacated the bankruptcy court's
18  January 31 order.  The bankruptcy court was directed to enter an order granting:  (1) relief from
19  the automatic bankruptcy stay for any proceedings regarding the dissolution of marriage
20  between plaintiff and Mr. Lindquist; (2) the establishment or modification of an order for
21  domestic support obligations, including but not limited to payment of health insurance
22  premiums; or (3) a division of community property, except to the extent that such proceeding
23  sought to determine the division of property that was the property of the bankruptcy estate
24  (Compl. General Allegations; ¶ 8, Exhs. A, B, C).

25      Plaintiff attempts to state claims against Mr. Lindquist and several attorneys and law
26  firms who represented Mr. Lindquist in the bankruptcy and family law proceedings.  In the first
27  five claims, plaintiff contends that the attorney defendants used the bankruptcy court's order
28

2

staying family-law proceedings against plaintiff knowing that it was "invalid." Plaintiff alleges that when defendant Yourtz offered the bankruptcy court's order to the San Mateo County Superior Court at the January 17 hearing, he knew it was an "illegal order and beyond the scope of the jurisdiction of the Oregon Bankruptcy Court." Plaintiff's sixth claim alleges a violation of civil RICO statutes, alleging that defendants engaged in acts constituting mail and wire fraud, aider and abettor liability, and fraud connected with sections of the United States Code exempting family law matters from the automatic bankruptcy stay. Plaintiff asserts these claims based on: defendant Chapman's mailing of a letter to plaintiff on February 10, 2006, mailing an opposition to relief from the bankruptcy court's stay, mailing a motion for summary judgment, mailing an opposition to the petition for a writ of mandamus, mailing of objections for priority claim status in bankruptcy, mailing of correspondence and other documents contesting the priority claim status of plaintiff's claim, and mailing of the bankruptcy court's June 2005 order to defendant Yourtz knowing it was "invalid" (Compl. ¶ 6, 26, 66).

Defendant Ian Yourtz filed a motion to dismiss this action on December 18, 2006, and noticed the motion for hearing on January 25, 2007. Plaintiff's opposition was thus due on January 4. On December 29, plaintiff's counsel filed a request for an extension of time to review the motion to dismiss, in part due to a planned vacation to Florida. The Court postponed until January 18 plaintiff's deadline for filing an opposition to the motion, with hearing on the motion continued to February 8. Plaintiff has still not filed any opposition. Soon after the deadline had passed for plaintiff's opposition, the Court's staff contacted plaintiff's counsel, who indicated that he intended to file an amended complaint. None has been received.

**ANALYSIS**

Defendants have moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, [a court must] take the allegations in the plaintiff's complaint as true." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The party seeking to invoke the Court's jurisdiction bears the burden of establishing subject-matter jurisdiction. It is presumed

that this Court lacks jurisdiction until plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Plaintiff alleges that both federal question and diversity jurisdiction exist.  For the reasons stated below, this order disagrees.

"In order to invoke federal jurisdiction 'for the purposes of determining whether [the plaintiff] stated a cause of action on which relief could be granted,' the complaint must fulfill only two criteria: (1) it must 'claim a right to recover under the Constitution and laws of the United States,' and (2) the claim must not be 'wholly insubstantial and frivolous.'" *Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir. 1983).  Plaintiff's sixth claim, brought under the civil RICO statute, 18 U.S.C. 1962, is her only claim brought under a federal statute.  This order holds that plaintiff's civil RICO claim is wholly insubstantial and frivolous.

To state a civil RICO claim, plaintiff must allege:  (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity, (5) causing injury to plaintiff's business or property.  *See Chang v. Chen*, 80 F.3d 1293, 1298–00 (9th Cir. 1996).  It appears that plaintiff contends that by mailing various documents following the bankruptcy court's order granting a stay, defendants were involved in an "enterprise" conducting a "pattern of racketeering activity."  The Ninth Circuit has held that to be an "enterprise, an entity must exhibit 'some sort of structure . . . for the making of decisions, whether it be hierarchical or consensual." *Id.* at 1299.  Plaintiff has alleged no facts to establish that defendant Yourtz is an "enterprise" or is otherwise involved with a RICO enterprise.  Additionally, there are no facts alleging that defendant Yourtz — or any other defendant — was involved in a "pattern" of "racketeering activity" causing injury to plaintiff.  As the Ninth Circuit has stated, "a plaintiff seeking civil damages for a violation of § 1962(a) must allege facts tending to show that he or she was injured by the use or investment of racketeering income." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 828 (9th Cir. 2003).  Plaintiff's complaint states no claim regarding how plaintiff was injured "by the use or investment of racketeering income."  It is clear that plaintiff has failed to state a civil RICO claim.  Moreover, the Court can imagine no circumstances under which the

4

facts as pled could be amended to state such a claim. Plaintiff's civil RICO claim is insubstantial and frivolous.

Plaintiff's remaining claims are state common-law claims. Because she only stated a frivolous federal claim, the only remaining basis for jurisdiction in this Court could be diversity of citizenship, which plaintiff's complaint alleges exists. In order for this Court to exercise diversity jurisdiction over plaintiff's claims, each defendant must be a citizen of a different state from plaintiff. *See Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, plaintiff has not alleged sufficient facts in the complaint to rebut the presumption against jurisdiction. Plaintiff has not alleged the citizenship of each and every party so that the Court may consider whether complete diversity exists. This alone is sufficient to find diversity jurisdiction lacking. *See* Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial 2:541 ("In diversity cases, this requires allegations [in the complaint] as to the *citizenship* of *each* party (since *all* defendants must be citizens of different states than any plaintiff).").

Moreover, it appears from the complaint that plaintiff and Mr. Lindquist both reside in California. In an exhibit to the complaint, plaintiff submitted a letter addressed to her which indicates her address, at least at the time the letter was written in 2005, was in San Mateo, California. Paragraph 3 of the complaint indicates that Mr. Lindquist is "probably a domiciliary of California" and that he is "on the jury rolls of San Mateo County for jury service." This also demonstrates that plaintiff has failed to rebut the presumption that diversity jurisdiction does not exist.[*]

**CONCLUSION**

For the foregoing reasons, this order finds subject-matter jurisdiction lacking over this matter. The allegations of any federal claim are wholly insubstantial and frivolous. There are insufficient allegations to support diversity jurisdiction. For these reasons, and because of

---

[*] In his motion, defendant Yourtz states that he also is a resident of California. Without any sworn declaration in support however, this order will rely only on the face of the complaint and its exhibits.

plaintiff's failure to oppose, defendant Yourtz's motion to dismiss is accordingly **GRANTED**. If she wishes to amend her complaint, plaintiff must file a motion for leave to amend by **NOON** on **FRIDAY, FEBRUARY 23, 2007.** Failure to file by that date may be grounds for dismissal for failure to prosecute. Finding no argument necessary, the hearing on this motion is hereby **VACATED**. The case management conference will proceed as scheduled on **FEBRUARY 8, 2007**.

In light of this ruling, the pending motion to dismiss filed by defendants Ann Chapman, Robert Vanden Bos, Jeffrey Payne, and Vanden Bos & Chapman, LLP is **MOOT**. This order does not disturb, however, the pending motion for Rule 11 sanctions against plaintiff's counsel, which is still scheduled for hearing on February 22, 2007. Plaintiff's counsel is reminded that an opposition to that motion was due on February 1. None has been received.

**IT IS SO ORDERED.**

Dated: February 6, 2007.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

6