United States District Court
For the Northern District of California

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   ELEANOR LINDQUIST,                          No. C 06-06822 WHA
11          Plaintiff,
12      v.                                       **ORDER GRANTING
                                                 MOTIONS TO DISMISS FOR
13   ANN CHAPMAN, ROBERT VANDEN BOS,             LACK OF SUBJECT-MATTER
     VANDEN BOS & CHAPMAN, A Law Firm,           JURISDICTION AND DENYING
14   JEFF PAYNE, IAN R. YOURTZ, JEFFREY          MOTIONS FOR RULE 11
     C. LINDQUIST and FIRST DOE THROUGH          SANCTIONS**
15   TENTH DOE, Inclusive,
16          Defendants.
17   _____/

18                        **INTRODUCTION**
19          In this civil RICO action, defendants move to dismiss the first amended complaint.
20   A prior order dismissed plaintiff Eleanor Lindquist's original complaint for lack of
21   subject-matter jurisdiction. The amended complaint here has failed to correct the jurisdictional
22   flaws of the original pleading. Accordingly, defendants' motions to dismiss for lack of
23   subject-matter jurisdiction are **GRANTED**.
24                        **STATEMENT**
25          This action arises out of the activities of lawyers in two proceedings: (1) bankruptcy
26   proceedings in the District of Oregon against debtor (and defendant herein) Jeffrey Lindquist,
27   and (2) the dissolution of plaintiff's marriage to Mr. Lindquist in San Mateo County Superior
28   Court. On June 17, 2005, the Oregon Bankruptcy Court issued an order staying all family-law

1  court proceedings that could be initiated by plaintiff.  The order provided, however, that

2  plaintiff could proceed with the dissolution-of-marriage proceeding before the San Mateo

3  Superior Court.  The order allowed the divorce to be entered but did not allow for determination

4  of a property settlement or spousal support (Compl. Exh. A).

5      Plaintiff proceeded to move for spousal support in San Mateo Superior Court.  On

6  January 17, 2006, defendant Yourtz tendered the bankruptcy court's order in the family-law

7  court in connection with a hearing regarding plaintiff's entitlement to spousal support.  The

8  San Mateo commissioner honored the bankruptcy court's order and awarded $1,000 in

9  sanctions against plaintiff for violating the stay.  Plaintiff immediately filed a motion in the

10  Ninth Circuit for relief from the stay.  She concurrently filed a petition for writ of mandamus.

11  The motion for relief was granted on January 30, 2006.  The Ninth Circuit's January 2006 order

12  held that plaintiff could seek relief in the San Mateo County Superior Court for spousal support,

13  medical insurance, division of community of property, and any other relief related to the

14  dissolution of marriage (Compl. Exh. B).

15      Four months later, on May 25, 2006, the Ninth Circuit granted plaintiff's petition for a

16  writ of mandamus.  The Ninth Circuit ordered the bankruptcy court to grant petitioner the relief

17  she would have been entitled to if the bankruptcy court's orders had not been entered,

18  "including status as a priority claimant in the real party in interest's bankruptcy if [plaintiff]

19  otherwise proves her entitlement to such relief" (Compl. Exh. C).

20      Plaintiff's first amended complaint alleges the same six claims that were alleged in the

21  original complaint:  (1) malicious prosecution, (2) fraud and deceit, (3) intentional infliction of

22  emotional distress, (4) negligent infliction of emotional distress, (5) conspiracy, and

23  (6) violation of RICO statutes.  Plaintiff names six defendants in her complaint.  Defendant

24  Jeffrey Lindquist is plaintiff's estranged husband.  Defendant Vanden Bos & Chapman is an

25  Oregon law firm specializing in bankruptcy.  Defendant Ann Chapman and Robert Vanden Bos

26  are Oregon attorneys who are partners with the law firm and defendant Jeff Payne is an

27  associate at the law firm.  Vanden Bos & Chapman represent Mr. Lindquist in the Oregon

28

**United States District Court**
For the Northern District of California

2

1   bankruptcy proceeding.  Defendant Ian Yourtz is a California attorney practicing in Menlo

2   Park, California.  Yourtz represents Mr. Lindquist in the San Mateo Superior Court family-law

3   proceedings.

4       The Court has already ruled on one motion to dismiss in this action.  By order dated

5   February 6, 2007, the Court granted defendant Yourtz's motion to dismiss for lack of

6   subject-matter jurisdiction.  The only federal claim asserted in the original complaint was

7   brought under the civil RICO statute.  The February 6 order found the civil RICO claim to be

8   "wholly insubstantial and frivolous" and accordingly held that subject-matter jurisdiction was

9   lacking.  Furthermore, plaintiff had also failed to overcome the presumption against diversity

10  jurisdiction.

11      Plaintiff filed an amended complaint on February 23, 2007.  In addition, plaintiff, who

12  had been represented by an attorney, filed a notice of substitution of counsel on February 23 and

13  began representing herself.  All defendants now move to dismiss on various grounds.

14  Defendants Vanden Bos, Chapman, Payne, and Vanden Bos & Chapman move to dismiss for

15  lack of personal jurisdiction.  Defendants Yourtz and Lindquist move to dismiss for lack of

16  subject-matter jurisdiction and for failure to state a claim.  This order addresses whether

17  subject-matter jurisdiction exists.

18                          **ANALYSIS**

19      A Rule 12(b)(1) challenge to subject-matter jurisdiction should be decided before other

20  grounds for dismissal because the other grounds will become moot if dismissal is granted.

21  *See Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975).  A party seeking to prove

22  jurisdiction must overcome the presumption that a federal court lacks subject-matter

23  jurisdiction.  *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

24  This order also notes that although a *pro se* complaint should be construed liberally, "a liberal

25  interpretation of a . . . complaint may not supply essential elements of the claim that were not

26  initially pled."  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

27

28
                                       3

**United States District Court**
For the Northern District of California

1    "In order to invoke federal jurisdiction 'for the purposes of determining whether [the

2   plaintiff] stated a cause of action on which relief could be granted,' the complaint must fulfill

3   only two criteria:  (1) it must 'claim a right to recover under the Constitution and laws of the

4   United States,' and (2) the claim must not be 'wholly insubstantial and frivolous.'" *Keniston v.*

5   *Roberts*, 717 F.2d 1295, 1298 (9th Cir. 1983).  Here, the amended complaint alleges that

6   federal-question jurisdiction exists based on an alleged violation of the civil RICO statute,

7   18 U.S.C. 1964, and for an alleged violation of federal civil rights, 28 U.S.C. 1343(a)(3).

8   As discussed below, federal-question jurisdiction does not exist under either of these provisions.

9        Jurisdiction does not lie here based on any alleged violation of federal civil rights.

10   Section 1343(a)(3) establishes that a district court will have jurisdiction to "redress the

11   deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any

12   right, privilege or immunity secured by the Constitution of the United States or by any Act of

13   Congress providing for equal rights of citizens or of all persons within the jurisdiction of the

14   United States."  Other than the statement of jurisdiction, however, nothing in the complaint

15   discusses an alleged violation of civil rights.  Plaintiff has therefore not even attempted to plead

16   a claim for a violation of her civil rights.  Plaintiff conceded this point at the hearing on the

17   instant motions.

18        As with the original complaint, plaintiff's sixth claim, brought under the civil RICO

19   statute, 18 U.S.C. 1962, is her only claim brought under a federal statute.  To invoke

20   federal-question subject-matter jurisdiction here, the claim must not be "wholly insubstantial or

21   frivolous."  As with plaintiff's previous complaint, the amended pleading's allegation of a civil

22   RICO claim remains insubstantial and frivolous and therefore provides no basis to support

23   federal-question jurisdiction.

24        The civil RICO statute, 18 U.S.C. 1962(a), provides:  "It shall be unlawful for any

25   person who has received any income derived, directly or indirectly, from a pattern of

26   racketeering activity or through collection of an unlawful debt in which such person has

27   participated as a principal . . . to use or invest, directly or indirectly, any part of such income, or

28

4

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    the proceeds of such income, in acquisition of any interest in, or the establishment or operation

2    of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign

3    commerce." To state a civil RICO claim, plaintiff must allege: (1) conduct, (2) of an

4    enterprise, (3) through a pattern, (4) of racketeering activity, (5) causing injury to plaintiff's

5    business or property. *See Chang v. Chen*, 80 F.3d 1293, 1298–1300 (9th Cir. 1996).

6            Plaintiff's first amended complaint attempts to take the same factual allegations set forth

7    in the original complaint and assert again that they constitute a viable RICO claim. Plaintiff

8    lists ten predicate acts by defendants that she claims support a RICO claim: (1) filing of a

9    "fraudulent Bankruptcy" to "obtain a discharge of spousal support and of community property

10   of the marriage"; (2) sending a letter to plaintiff informing her that the filing of the bankruptcy

11   creates an automatic stay preventing a spouse from receiving any spousal support; (3)

12   presenting an order prohibiting plaintiff from moving the family law court for spousal support;

13   (4) making a promise in the bankruptcy court that plaintiff would receive spousal support

14   during the three-year term of the Chapter 13 plan and having no intentions of making such

15   payments; (5) presenting a Chapter 13 plan to the bankruptcy court that was "Forbidden by

16   Law" as it set payments for spousal support in bankruptcy court without intending on making

17   such payments; (6) sending to defendant Yourtz the "fraudulently obtained order of June 17,

18   2005"; (7) obtaining certified copies of the bankruptcy court order and other bankruptcy

19   documents and mailing those copies to defendant Yourtz with the intent of furthering the

20   "bankruptcy fraud to prevent any and all orders for spousal support from being entered"; (8)

21   opposing plaintiff's motion on February 21, 2006, for reconsideration of the order imposing

22   sanctions "even though the order of June 17, 2005 was at all times void on its face"; (9)

23   opposing plaintiff's motion for a writ of mandamus; (10) filing amended schedules in the

24   bankruptcy court showing that Mr. Lindquist had assets that apparently had not been listed in

25   the previous bankruptcy schedules (Compl. ¶ 65).

26           Construing the complaint liberally, it is impossible to see how these facts establish a

27   civil RICO claim. Plaintiff's basic premise is that defendants committed wrongful conduct by

28

5

**United States District Court**
For the Northern District of California

1  receiving an "illegal" order from the Oregon bankruptcy court and tendering it to the San Mateo

2  County Superior Court.  This is a faulty premise.  It is true that the Ninth Circuit's orders

3  indicate that the bankruptcy court should never have issued its order staying the family-law

4  proceedings.  But obtaining the order from the bankruptcy court and presenting it to the

5  San Mateo court was not a "pattern of racketeering activity."  The conduct here does not fall

6  under any of the categories of "racketeering activity" enumerated in 18 U.S.C. 1961(1), which

7  require at least an allegation of fraud.  *See*, *e.g.*, 18 U.S.C. 1961(1)(D).  The amended complaint

8  alleges that defendants' acts constitute bankruptcy fraud, 18 U.S.C. 1961(1)(D), but fails to

9  allege the circumstances of fraud with particularity.  *See* Fed. R. Civ. P. 9(b).  Moreover, it is

10  difficult, if not impossible, to see how plaintiff could allege that defendants' alleged conduct

11  *could* constitute actionable fraud.

12      Furthermore, it is true that while the bankruptcy court's order was in effect, plaintiff was

13  prevented from obtaining a spousal-support award in family court.  Plaintiff has not, however

14  shown that "she was injured by the use or investment of racketeering income."  *Wagh v. Metris*

15  *Direct, Inc.*, 363 F.3d 821, 828 (9th Cir. 2003).  Nor is it clear how such fraud was the

16  proximate cause of any injury to plaintiff.  *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1419

17  (9th Cir. 1995).  The conduct alleged in the amended complaint is simply not "an activity which

18  RICO was designed to deter."  *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

19  As with the original complaint, the alleged RICO violation is wholly insubstantial and

20  frivolous.  Subject-matter jurisdiction remains lacking over this matter.[1]

21                                 **CONCLUSION**

22

23  [1] In opposition, plaintiff cites *Salinas v. United States*, 522 U.S. 52, 65 (1997), for the unremarkable
proposition that "[a] conspirator must intend to further an endeavor which, if completed, would satisfy all of the
24  elements of a substantive criminal offense, but it suffices that he adopt the goal of furthering or facilitating the
criminal endeavor."  The Supreme Court held that although "an 'enterprise' under § 1962(c) can exist with only
25  one actor to conduct it, in most instances it will be conducted by more than one person or entity; and this in turn
may make it somewhat difficult to determine just where the enterprise ends and the conspiracy begins, or, on the
26  other hand, whether the two crimes are coincident in their factual circumstances."  Plaintiff alleges that "it is not
necessary that the substan[tive] violation actually be consummated for the conspiracy violation to be completed"
27  (Opp. 10).  But that proposition has no value where, as here, no acts constituting a "pattern of racketeering
activity" have been alleged.

28

**United States District Court**
For the Northern District of California

1   For the foregoing reasons, the motions to dismiss for lack of subject-matter jurisdiction

2   are **GRANTED**.  This order need not address defendants' further contentions that this Court lacks

3   personal jurisdiction over the Oregon-based defendants or that plaintiff has not stated claims

4   upon which relief can be granted.  Generally, an action should not be dismissed for lack of

5   subject-matter jurisdiction without giving the plaintiff an opportunity to amend.  *See May Dept.*

6   *Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980).  But plaintiff has already

7   been given one chance to amend.  Furthermore, "it is clear the deficiency cannot be overcome

8   by amendment." *Ibid*.  These facts will never constitute a basis for a civil RICO violation.

9   Accordingly, plaintiff will not be granted further leave to amend.[2]

10   The Court has considered defendants' previous Rule 11 motion in light of all subsequent

11   developments.  That motion is **DENIED**.  Additionally, plaintiff's motion for Rule 11 sanctions,

12   filed on April 25, 2007, is also **DENIED**.  No new motions for Rule 11 sanctions may be filed.

13   This case is over at the district court level.  All parties are reminded of their need to be timely in

14   filing any appeals.

15

16   **IT IS SO ORDERED.**

17

18   Dated:  April 26, 2007.

19   WILLIAM ALSUP
     UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26   [2]  Defendants contend that plaintiff's oppositions should not be considered because they were filed one

27   day late.  Defendants, however, filed timely replies.  Because there was no prejudice, the objections to the
     late-filed oppositions are **OVERRULED**.

28
     7